# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MALIK JA'RELLE WILLIAMS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CV421-170 |
| | ) | |
| CITY OF SAVANNAH, GEORGIA, | ) | |
| CITY OF POOLER, GEORGIA, and | ) | |
| CITY OF PORT WENTWORTH, | ) | |
| GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Malik Ja'Relle Williams, proceeding *pro se*, filed this 42 U.S.C. § 1983 case against the City of Savannah, Georgia ("Savannah"), the City of Pooler, Georgia ("Pooler"), and the City of Port Wentworth, Georgia ("Port Wentworth").   Doc. 6 (Amended Complaint).   Defendants filed a Motion to Dismiss on July 30, 2021, *see* doc. 8, to which Williams has not responded.[1]   *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond to a motion within the applicable time period shall indicate

---

[1] Plaintiff filed a letter indicating that he "want[s] this case to go through a fair civil trial process," *see* doc. 11 at 1, but he does not respond, in any way, to the arguments contained in the Motion to Dismiss, *see generally id.*

1

that there is no opposition to a motion."). It is, therefore, ripe for disposition.

## I.   BACKGROUND

Williams initially filed his Complaint against Savannah, Pooler, and Port Wentworth on June 4, 2021, alleging that he was "arrested for actions [he] didn't commit" and that "[m]any police officers refused [his] rights." Doc. 1 at 4. Expanding on these allegations, he claims that the police officers "wouldn't write a police report or would not show up to [his] address" and that "[o]ther officers walked off from the scene without [his] knowledge and did not write a report." *Id.* He identifies "[s]ome of these officers," listing two Savannah officers, two Pooler officers, and one Port Wentworth officer. *Id.* According to Williams, the events he complains of occurred on Pooler Parkway in Pooler, Georgia, at the Dollar Tree distribution center, and at Williams' home on Fiore Drive in Savannah, on ten different occasions. *Id.*

On June 21, 2021, he filed an Amended Complaint[2] against the same three cities containing the same allegations, although he added

---

[2] This Amended Complaint is the operative complaint in this case. As a matter of course, a plaintiff is entitled to amend his complaint once within 21 days after serving it, or within 21 days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). The Amended Complaint meets this requirement, as it was filed only 17

"Pooler Tanger Outlet" to the list of places where the complained-of events occurred, and he modified the list of dates and times on which the complained-of events took place. Doc. 6 at 4. The Amended Complaint alleges that the interactions with the police officers occurred on twelve different occasions spanning from June 19, 2017, through May 24, 2021. *Id.* It also adds that, on June 4, 2019, he was injured during an arrest when "the officer closed the vehicle door and hit [his] elbow." *Id.* at 5. He seeks as relief "local officials that do their jobs and grievance pay for going through [so] much from these officials." *Id.*

The Clerk issued summonses for the three city-defendants on June 23, 2021. Doc. 7. The defendants appeared in the case on July 30, 2021, by filing the motion to dismiss currently before the Court. Doc. 8. Shortly thereafter they sought a stay pending disposition of this dispositive motion, *see* doc. 9, which was granted, *see* doc. 13.

---

days after the first Complaint. *Compare* doc. 1 (Complaint filed June 4, 2021) *with* doc. 6 (Amended Complaint filed June 21, 2021). "An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (footnote, quotes and citation omitted); *see also Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (citations omitted) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

3

## II.   ANALYSIS

### A.   Motion to Dismiss Standard

Generally, to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiffs well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure. *Grew v. Hopper*, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted); *see also Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (citation omitted) (noting that

4

although they are construed liberally, "pro se complaints also must comply with the procedural rules that govern pleadings"); *Grigsby v. Thomas*, 506 F. Supp. 2d 26, 28 (D.D.C. 2007) ("Even though a *pro se* complaint should be construed liberally, a *pro se* complaint must still state a claim upon which the Court can grant relief.").

### B.   Service on Pooler

Pooler argues that all of Williams' claims against it should be dismissed since it has not been properly served. Doc. 8 at 5 (citing to Fed. R. Civ. P. 12(b)(2)).  According to the City, an envelope containing a copy of the summons and complaint was left at an entry desk at Pooler City Hall with a temporary entry screener. *Id.*; *see also* doc. 8-2 (Affidavit of Caroline Hankins, Human Resources Director for Pooler).[3]   The temporary entry screener delivered the documents to the Human Resources Director. Doc. 8-2 at 1.  Neither the temporary entry screener nor the Human Resources Director are authorized to receive service of process for Pooler.  *Id.* at 2.

---

[3] Affidavits may appropriately be considered on a motion to dismiss based on insufficient service of process pursuant to Rule 12(b)(5).  *See, e.g., Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (affirming district court's dismissal for plaintiff's failure to properly serve the complaint, where defendant "provided affidavits to support his position.").

The Federal Rules of Civil Procedure provide that a local government, like Pooler, must be served by either "delivering a copy of the summons and of the complaint to its chief executive officer," or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Georgia law, service may be made on a city by serving the "chairman of the board of commissioners, president of the council of trustees, mayor or city manager of the city, or to an agent authorized by appointment to receive service of process." O.C.G.A. § 9-11-4(e)(5). A *pro se* litigant is required to serve defendants in accordance with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Williams did not properly serve Pooler and has not shown good cause for his failure to do so. *See* Fed. Civ. R. P. 4(m). Plaintiff failed to meaningfully oppose the motion to dismiss for insufficient service of process, or otherwise show the existence of good cause for his failure to properly serve Pooler. *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). He has not even filed a proof of service to contest Pooler's version of events. *See generally* docket; *see also* Fed. R. Civ. P. 4(l). Moreover, Plaintiff's time to effect service on Pooler

6

has passed, and he has not demonstrated any additional factors that warrant an extension of that time. *See* Rule 4(m); *Lepone-Dempsey*, 476 F.3d at 1282. Therefore, the City of Pooler, Georgia's Motion to Dismiss should be **GRANTED**, doc 8 (in part), and it should be **DISMISSED, without prejudice.** *See Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182 (11th Cir. 2007) ("Because [the plaintiff] failed to serve defendants properly, we find that this case should have been dismissed without prejudice.").

### C.    Failure to State a Claim

Defendants argue that Williams' Complaint fails to allege any unconstitutional policy or custom on their part, and therefore his claims should be dismissed pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Doc. 8 at 4. The Supreme Court, in *Monell*, limited municipal liability under § 1983, and there is no *respondeat superior* liability rendering a city liable for wrongful conduct by its police officers. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir.1998) (citing *Monell*, 436 U.S. at 691)). "[A] municipality may be held liable for the actions of a police officer only when municipal 'official policy' causes a constitutional violation." *Id. (*quoting *Monell*, 436 U.S. at 694-95).

7

To prevail against the cities, Williams must allege facts supporting that they each have a policy of failing to train or supervise employees and that this policy caused their employees to violate his constitutional rights. *Gold*, 151 F.3d at 1350 (citing *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)). Absent any express written or oral policy encouraging the violation of Williams' rights (which he has not alleged), he is required to plead facts demonstrating that the cities' failure to train amounted to deliberate indifference to his rights. *Id.* At the worst, plaintiff alleges that he suffered some allegedly unconstitutional actions at the hands of individual police officers. *See* doc. 6 at 4-5. Thus, his allegations do not state a plausible claim against the cities. *Twombly*, 550 U.S. 544, 570. Savannah and Port Wentworth's Motion to Dismiss should be **GRANTED** and they should be **DISMISSED, with prejudice**. Doc. 8 (in part).

## D.    Prior Pending Action

Finally, Defendants argue that this case should be dismissed because it is duplicative of a matter already pending before this Court. Doc. 8 at 3. On April 23, 2021, before filing his initial Complaint in this case, Williams filed his complaint in *Williams v. Huseth*, CV421-124, doc.

8

1 (S.D. Ga. April 23, 2021). That case, filed against Pooler and Savannah, but not Port Wentworth, appears to contain allegations related to at least some of the same events as this later-filed case. *Compare* CV421-124, doc. 1 (alleging that Williams was "arrested for charges that [were] not committed" and that "police officers will not write reports for criminal actions") *with* doc. 6 (same). His complaint in *Williams v. Huseth* also identifies, as his alleged injury, a bruised elbow resulting from a hit by a police officer's car door. *See* CV431-124, doc. 1 at 5.

Defendants are correct that a district court "may dismiss an action when a prior pending action has been filed so long as the controlling issues in the dismissed action will be determined in the other lawsuit." *Nelson v. Royal*, 2020 WL 8093581, *3 (M.D. Ga. Nov. 17, 2020) (internal citation and quotation marks omitted). Here, there is at least some overlap between the two cases. However, because the Court should dismiss Plaintiff's complaint for the reasons discussed above, it need not reach whether dismissal under the prior pending action doctrine would be appropriate.

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be **GRANTED**.   Doc. 8.   Defendant City of Pooler, Georgia, should be **DISMISSED, without prejudice**.   Defendants City of Savannah, Georgia, and City of Port Wentworth, Georgia, should be **DISMISSED, with prejudice.**

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 28th day of January, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

11